ALYCE LILLEY,

      Plaintiff,

v.

COUNTY OF WAUKESHA,

      Defendant.

CIVIL ACTION NO.

Jury Trial Demanded

## COMPLAINT

Plaintiff, Alyce Lilley, by and through her counsel, Kelly L. Lowery and Janice M. Pintar of Cross Law Firm, S.C., complains and states as follows against Defendant County of Waukesha.

## NATURE OF ACTION

1. Alyce Lilley brings this action against County of Waukesha alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII") [42 U.S.C. §2000e *et. seq.*], the Civil Rights Act of 1871, as amended, ("Section 1981") [42 U.S.C. § 1981] to correct unlawful employment practices by Defendant against Plaintiff on the basis of race and color discrimination and retaliation, and to provide appropriate relief to Plaintiff who was adversely affected by such practices. Plaintiff seeks back pay, reinstatement, front pay, compensatory damages as well as a permanent injunction to restrain Defendant from committing prohibited personnel policies and practices discriminating against Plaintiff and other employees of County of Waukesha on the basis of race and retaliation.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 is conferred on this court by 42 U.S.C. § 2000e-5(f)(3).

3. Jurisdiction over Plaintiff's claims under the Civil Rights Act of 1871, as amended, is conferred on this court by 28 U.S.C. § 1331.

4. Prior to filing this action, Plaintiff exhausted her administrative remedies and received a Notice of Right to Sue from the Department of Justice, dated January 22, 2013.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c). The employment policies and practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered in the Eastern District of Wisconsin.

## PARTIES

6. The Plaintiff, Alyce Lilley ("Lilley" or "Plaintiff"), is and was a resident of the State of Wisconsin whose residence is located at 2113 Tallgrass Circle, City of Waukesha, County of Waukesha, State of Wisconsin, 53188, and was at all times material hereto, an employee within the meaning of the Civil Rights Acts of 1964 and 1871, as amended.

7. Defendant, County of Waukesha (the "County" or "Defendant") is a governmental entity, whose principal place of business is located at 515 W. Moreland Blvd, Waukesha, WI 53187.

8. Upon information and belief, the County currently employs Plaintiff.

9. Upon information and belief, the County employs more than five hundred (500) employees.

## GENERAL ALLEGATIONS

10. The County is a governmental entity within the meaning of the Civil Rights Acts of 1964 and 1871, as amended, and has the capacity to sue and be sued in this Court.

11. At all times relevant to this complaint, the County employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

12. Lilley began her employment with the County in or about July of 1998 as a Deputy Clerk Supervisor.

13. At all material times hereto, Lilley was the only African American supervisor or manager working in the County's court system.

14. From 1998 to 2004 Lilley received "Greater than Effective" ratings on her annual performance reviews.

15. From the time Lilley began her employment at County of Waukesha in July 1998 until February 2006, the County employed Carol Stigler ("Stigler") in the Chief Deputy Clerk supervisor position.

16. Stigler is Caucasian.

17. From approximately July 1998 until February of 2006, Stigler directly supervised Lilley's employment.

18. In or around September of 2005 Stigler announced her retirement as Chief Deputy Clerk Supervisor.

19. Stigler planned to retire on or around February 2006.

3

20. For several years prior to Stigler's retirement, Lilley filled in as acting Chief Deputy Clerk Supervisor in Stigler's absence.

21. In or about 2005 Lilley acted as Chief Deputy Clerk Supervisor for Stigler, for eight (8) weeks.

22. In or about 2005, Stigler became aware that Lilley intended to apply for the Chief Deputy Clerk Supervisor position once the County's vacancy was announced.

23. In turn, Stigler gave Lilley her first negative annual review since she became employed by the County.

24. Lilley contemporaneously raised her concerns to Stigler that her annual review did not accurately reflect her job performance.

25. On or around January 12, 2006, Lilley applied for the Chief Deputy Clerk Supervisor position.

26. On information and belief, Lilley was the only African American candidate for the Chief Deputy Clerk Supervisor position.

27. On information and belief, the other two candidates for the Chief Deputy Clerk Supervisor position were Caucasian.

28. Based on her education and experience, Lilley was the most qualified candidate for the Chief Deputy Clerk Supervisor position.

29. Among the candidates, Lilley was the only one that had consistently filled in as acting Chief Deputy Clerk Supervisor in the past.

30. From approximately April 1999 until October 2008, the County employed Carolyn Evenson ("Evenson") in the Clerk of Courts position.

4

31. From approximately April 1999 until October 2008, Evenson supervised Lilley's employment.

32. On or around February 6, 2006, Evenson met with Lilley and informed her that Diane Kelsner had been selected for the promotion to Chief Deputy Clerk Supervisor.

33. Kelsner is Caucasian.

34. On information and belief, Kelsner was less qualified than Lilley for the Chief Deputy Clerk Supervisor position.

35. Around the same time, Evenson also informed Lilley that Lilley would be training Kelsner for the Chief Deputy Clerk Supervisor position.

36. Following Kelsner's selection for the Chief Deputy Clerk Supervisor position, Lilley complained to Evenson that she had been denied the position and thereby discriminated against because of her race.

37. Around the same time Lilley applied for a promotion to Centralized Records Supervisor.

38. Again the County denied Lilley the promotion, and she received a letter confirming such in or around February 2006.

39. In or about 2006, Lilley filed a race discrimination in promotion and retaliation complaint against the County with the Equal Rights Division (ERD) and which was cross-filed with the EEOC. After an initial investigation by the ERD, Lilley requested the EEOC investigate her claim.

40. In or around March 2007, Lilley applied for a lateral work assignment change to the Circuit Court Supervisor position in the Civil Division.

5

41. Although Lilley was required to compete for the position with a promotional candidate, Gina Kozlik, the County denied Lilley the lateral work assignment change, receiving confirmation of such in or around April 2007.

42. Kozlik is Caucasian.

43. On information and belief, Kozlik was less qualified than Lilley for the Circuit Court Supervisor position in the Civil Division.

44. In or around this same time, the County began excluding Lilley from meetings and other communications necessary for her position and career advancement.

45. After the County denied Lilley's transfer request, she filed an internal grievance with the County.

46. The EEOC investigated the above-referenced claim.

47. In or about 2012 the EEOC issued a determination finding that there was reasonable cause to believe that the County had discriminated against Lilley.

48. The County declined to participate in conciliation discussions in an attempt to resolve the above-referenced charge of discrimination.

49. On January 22, 2013, the Department of Justice issued a Notice of Right to Sue on Charge No. 26G-2007-01298.

50. From approximately October 2008 until the present, the County employed Kathleen Madden ("Madden") in the Clerk of Courts position.

51. At present, Madden supervises Lilley's employment.

52. From at least 2006 until the present, the County has employed Jim Richter in a Human Resources position.

53. Again, in or around July 2008, Lilley applied for a lateral position of Circuit Court Supervisor position in the Civil Division.

54. Again, the County denied Lilley the lateral position, receiving confirmation of such in or around August 2008.

55. In or about December 2008, Lilley applied for a Chief Deputy Clerk position with the County for which she was well qualified.

56. On or about February 2009, the County did not hire Lilley and instead, hired a less qualified, Caucasian individual for the Chief Deputy Clerk position.

57. In or about May 2011, Lilley submitted an application for the Civil Division Manager position.

58. At the time of her application, Lilley was well-qualified for the position as she met and exceeded the qualifications for the Manager position.

59. At the time of her application, the EEOC was still actively investigating Lilley's charge of discrimination, Charge No. 26G-2007-01298.

60. At some point after her submitting her application for the Civil Division Manager position, the County informed Lilley that she had been subpoenaed for deposition as part of a race discrimination case filed against the County, styled, Matthews v. Waukesha County, Case No. 10-CV-440. The case alleged race discrimination in hiring against the County.

61. Immediately after Lilley was subpoenaed, her supervisors and Human Resources began to treat her less favorably.

62. At the end of July 2011, Lilley met with the Clerk of Courts for the County, Kathy Madden. During that meeting, Madden informed Lilley that she would not be granted an interview or considered for the Civil Division Manager position.

63. In or about August of 2011, the County re-posted the Civil Division Manager position under a new job title, Civil Division Coordinator.

64. On information and belief, in December of 2011, the County hired an individual for the Civil Division Coordinator position. On information and belief, the person hired for the Civil Division Coordinator position is less qualified than Lilley, and is not African American.

65. Lilley participated in the deposition in January of 2012 and among other things, said that she believed that she has been discriminated against on the basis of race by the County.

66. On May 9, 2012, Lilley filed a charge of discrimination at the EEOC alleging race discrimination and retaliation for the County's failure to promote her into the Civil Division Manager position, Charge No. 443201201054C.

67. Charge No. 443201201054C is currently pending at the EEOC.

## CLAIM FOR RELIEF

### Count I – Violation of Title VII of the Civil Rights Act of 1964, as amended – Race Discrimination

68. Lilley re-alleges and herein incorporates by reference the above paragraphs inclusive, as if fully set forth herein.

69. Title VII prohibits, among other things, employers from discriminating against any individual because of that individual's race and color. 42 U.S.C. § 2000e-2(a)(1).

70. Title VII prohibits, among other things, employers from failing or refusing to hire or discharge any individual, or otherwise discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment because of that individual's race and color. 42 U.S.C. § 2000e-2(a)(1).

71. The effect of the practices complained of above, has been to deprive Lilley of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and color.

72. The County discriminated against Lilley on the basis of race and color when it failed to transfer her to the Circuit Court Supervisor Civil position.

73. The County discriminated against Lilley on the basis of race and color when it failed to include her in meetings and communications necessary for her position and career advancement; which created a hostile working environment on the basis of race and color.

74. The unlawful employment practices complained of above were intentional.

75. The unlawful employment practices complained of above were done with reckless indifference to Lilley's federally-protected rights.

76. As a result of the aforementioned violations of Title VII, Lilley has lost wages and other emoluments of employment. As such, she is entitled to payment of lost wages and benefits, and other equitable relief as the court deems appropriate.

77. As a result of the aforementioned violations of Title VII, Lilley has suffered pain, suffering, humiliation, and distress. Due to the aforementioned violations of Title VII, Lilley is entitled to compensatory damages.

78. Lilley is also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting a Title VII action in accordance with 42 U.S.C. § 12205.

**Count II – Violation of Title VII of the Civil Rights Act of 1964, as amended – Retaliation**

79. Lilley re-alleges and incorporates by reference all previous paragraphs, as if fully set forth herein.

80. Lilley engaged in protected activity when she, in or about 2006, filed a complaint with the ERD, which was cross-filed with the EEOC.

81. Lilley engaged in protected activity by participating in the EEOC investigation of her charge of discrimination.

82. The County retaliated against Lilley when it failed to transfer her to the Circuit Court Supervisor Civil position.

83. The County retaliated against Lilley when it failed to include her in meetings and communications necessary for her position and career advancement; which created a hostile working environment based on Lilley's opposition of discrimination.

84. The unlawful employment practices complained of above were intentional.

85. The unlawful employment practices complained of above were done with reckless indifference to Lilley's federally-protected rights.

86. As a result of the aforementioned violations of Title VII, Lilley has lost wages and other emoluments of employment. As such, she is entitled to payment of lost wages and benefits, and other equitable relief as the court deems appropriate.

87. As a result of the aforementioned violations of Title VII, Lilley has suffered pain, suffering, humiliation, and distress. As a result of the aforementioned violations of Title VII, Lilley is entitled to compensatory damages.

88. Lilley is also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting a Title VII action in accordance with 42 U.S.C. § 12205.

**Count III – Violation of the Civil Rights Act of 1871, as amended, by 42 U.S.C. § 1981 - Race**

89. Lilley re-alleges and incorporates by reference all previous paragraphs, as if fully set forth herein.

90. The County discriminated against Lilley because of her race when it failed to hire her for the Civil Division Manager and/or the Civil Division Coordinator positions and hired a less qualified non-African American individual in her place.

91. As a result of the aforementioned violations of Section 1981, Lilley has lost wages and other emoluments of employment. As such, she is entitled to payment of lost wages and benefits, and other equitable relief as the court deems appropriate.

92. As a result of the aforementioned violations of Section 1981, Lilley has suffered pain, suffering, humiliation, and distress. As a result of the aforementioned violations of Section 1981, Lilley is entitled to compensatory damages.

93. Lilley is also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting a Section 1981 action.

## Count IV – Violation of the Civil Rights Act of 1871, as amended, by 42 U.S.C. § 1981 – Retaliation

94. Lilley re-alleges and incorporates by reference all previous paragraphs, as if fully set forth herein.

95. The County retaliated against Lilley when it failed to hire her for the Civil Division Manager and/or the Civil Division Coordinator positions and hired a less qualified individual in her place.

96. As a result of the aforementioned violations of Section 1981, Lilley has lost wages and other emoluments of employment. As such, she is entitled to payment of lost wages and benefits, and other equitable relief as the court deems appropriate.

97. As a result of the aforementioned violations of Section 1981, Lilley has suffered pain, suffering, humiliation, and distress. As a result of the aforementioned violations of Section 1981, Lilley is entitled to compensatory damages.

98. Lilley is also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting a Section 1981 action.

## **PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grant to Lilley the following relief:

A. Grant a permanent injunction against the County and its officers, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race and retaliation.

12

Case 2:13-cv-00441-JPS   Filed 04/22/13   Page 12 of 13   Document 1

B. Order the County to make Lilley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

C. Order the County to make Lilley whole by providing compensation for past and future non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of above, in amounts to be determined at trial.

D. Order the County to pay Lilley the reasonable attorneys' fees and costs incurred as a result of bringing this action.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

Lilley hereby requests trial by jury of all issues triable under federal law.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2013.

**Attorneys for Plaintiff**
**Cross Law Firm, S.C.**

By: **s/KELLY L. LOWERY**
    Kelly L. Lowery
    SBN: 1066294
    Janice M. Pintar
    SBN: 1041821

Cross Law Firm, S.C.
Lawyers' Building
845 North 11th Street
Milwaukee, WI 53233
(414) 224-0000
(414) 273-7055 (facsimile)
klowery@crosslawfirm.com
jpintar@crosslawfirm.com

13

Case 2:13-cv-00441-JPS   Filed 04/22/13   Page 13 of 13   Document 1