# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALYCE LILLEY,

                Plaintiff,

v.

WAUKESHA COUNTY,

                Defendant.

Case No. 13-CV-441-JPS

## TRIAL SCHEDULING ORDER

In order that the above-captioned litigation – now pending since April 2013 – be brought to conclusion, the following proceedings have been scheduled before the Honorable J. P. Stadtmueller in the United States District Court for the Eastern District of Wisconsin, Room 425 United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202:

    FINAL PRETRIAL
    CONFERENCE:    Thursday, April 17, 2014, at 8:30 AM

    JURY TRIAL:    Monday, April 28, 2014, at 8:30 AM

    DISPOSITIVE
    MOTIONS DUE:    February 1, 2014

IT IS ORDERED that counsel for the parties confer forthwith to address the substantial work necessary to the orderly preparation of a single final pretrial report. Toward that end, all counsel who will actually try this case must meet and confer in person with the goal of jointly preparing a single final pretrial report, the principal burden for the filing of which rests with counsel for the plaintiff. Consistent with the facts and law applicable to the case, the report must separately address each of the nine (9) enumerated items found in Civil L. R. 16(c)(1). The final pretrial report must be electronically filed no later than the close of business on Monday,

April 14, 2014. In addition, a hard copy of the report bearing the inked signatures of all trial counsel, along with three (3) sets of each party's exhibits, including all documents and a photograph of each physical exhibit, formatted, indexed, and tabbed in individual (no larger than 1" capacity), Easy Open, Locking, Slant D-ring binders (such as the Cardinal CRD10310 or CRD10311), (three from plaintiff and three from the defendant), must be simultaneously delivered or mailed to the court's chambers on April 14, 2014.

In preparing the final pretrial report, counsel and their respective clients should carefully read and study with care each of the following seven (7) mandatory requirements:

1. All exhibits must be marked and sequentially numbered in accordance with the procedure outlined in General L. R. 26. Copies of all exhibits, including a photograph of each physical exhibit, must be disclosed and provided to opposing counsel. If an identical exhibit is to be used jointly by both parties during the course of trial, the exhibit should only be marked once whether by plaintiff or defendant, and introduced into evidence whether by one party or jointly.

2. A brief summary of the elements underlying each claim and defense to be adjudicated must be included in the final pretrial report and inserted immediately preceding the parties joint proposed jury instructions.

3. Each of the parties' agreed proposed jury instructions as well as the proposed verdict form must be appropriately tailored to the facts and law applicable to the case. Therefore, each proposed instruction as well as the verdict form must be edited and formatted precisely as counsel would expect the instruction(s) and verdict to be submitted to the jury. Simple citations to form book instructions or verdict questions without more is wholly unacceptable. This branch of the Court has a longstanding policy of utilizing the Federal Civil Jury Instructions of the Seventh Circuit, to the extent they are applicable to the facts and legal issues attendant to the parties' claims and defenses. If no Seventh Circuit instruction

addresses the relevant issues, the court generally relies on secondary authority, including O'Malley's Federal Jury Practice and Instructions, and Matthew Bender's Modern Federal Jury Instructions.

4. In the event the parties are unable to agree upon a particular instruction or question in the verdict form in its entirety, counsel must include separate proposed instructions and/or verdict question(s) as part of the final pretrial report submission. At the same time, each separately proposed instruction or proposed verdict question must be supported by a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party proposing the instruction and/or verdict question. The final pretrial report must also include a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party opposing the particular instruction and/or verdict question. To be clear, absolutely all briefing both in support of and in opposition to any proposed instruction or verdict question must be included in the final pretrial report. In accordance with Civil L. R. 7(d), failure to file a memorandum in opposition to a particular instruction or verdict question will be deemed by the court to be sufficient cause to grant the requested instruction or verdict question.

5. Absent exceptional circumstances, motions in limine must be filed on or before April 11, 2014. Each motion in limine should be accompanied by a brief memorandum of law in support. Should motions in limine be filed, any response to the particular motion is due within three (3) days of the filing of such motion. The earlier such motions are filed, the more likely the court will be fully prepared to meaningfully address the motions during the final pretrial conference. Moreover, all non-dispositive motions that do not constitute motions in limine must also be filed on or before April 11, 2014.

6. As officers of the court, counsel have an obligation to discuss the anticipated filing of such motions directly with opposing counsel, as more often than not such matters are left best resolved informally with open communications between counsel without the necessity of court intervention. The court

notes that to discuss requires actual discussion with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing counsel. Therefore, when filed, all pretrial motions must include a separate[1] certification prepared by movant's counsel stating that, after personal consultation with counsel for the party opposed to the motion, and sincere attempts to resolve their differences, the parties are unable to reach an accord. The certification must also recite the dates and times of such conferences and the names of all participants. To be clear, the court expects the parties to confer several times and document those conferences before raising a pretrial motion before the court. The failure to comply with the letter or the spirit of the rule will be sufficient grounds to deny the motion.

7. With regard to memoranda of law submitted to the court in reference to disputed jury instructions or verdict questions, or a pretrial motion, the court makes the following suggestions which will serve to aid the court in efficiently addressing such matters:

   a. If the parties intend to file deposition testimony, the parties should e-file a single transcript of the deposition testimony of each witness upon which they intend to rely. Any party citing to a given deponent's testimony should cite only to the docket entry containing said deponent's testimony enabling the court to easily locate that deposition, instead of engaging in an archaeological dig to locate the source from which the specific excerpt may have been drawn.

   b. Any exhibit or report submitted in support of or in opposition to a party's position should be e-filed in its entirety in a single entry, and any party citing to an exhibit or report should cite only to the one entry containing said report.

   c. All parties should agree on a given citation system. No party should refer to a document by a different moniker

---

[1] The certification that must be filed with a pretrial motion must be docketed as a separate docket entry and should not be hidden within a motion or a brief.

than that by which the other parties refer to the same document. The court strongly encourages the parties to include the docket number (and, if applicable, exhibit letter/number) of documents cited in their submissions. The court also encourages the parties, if they are filing numerous exhibits as attachments to their motions, to include an index attached to the motion that notes the title of the exhibits that follow. When viewing the electronic docket, it should be obvious which documents are responsive to (or in support of) another document, as well as the identity of such other document.

d. All documents submitted to the court electronically should be in an electronically searchable format. If any documents are filed under seal, a compact disc containing electronically searchable PDF versions of the files should be provided to the clerk's office so that the court will have access to all documents, including those filed under seal, in an electronically searchable format.

e. Counsel shall not deliver additional courtesy copies of submissions to the Judge's chambers unless specifically directed to do so in accordance with the terms of this order.

As the parties and their counsel endeavor to complete their work associated with the preparation of the final pretrial report, they are expected to confer in a candid open manner, and make a good faith effort toward settlement of the case in its entirety, and should they be unable to fully settle their differences, agree upon stipulations of ultimate fact or otherwise narrow the issues that, in the end, will aid the court in conserving its limited resources.

In recognition of the court's limited resources, and an ever burgeoning case load assigned to this branch of the court, together with the continued escalating costs associated with litigation generally, the court finds it prudent

Page 5 of 7

Case 2:13-cv-00441-JPS   Filed 07/29/13   Page 5 of 7   Document 15

to require that counsel and their respective clients seriously undertake all appropriate measures including utilization of the services of Magistrate Judge Aaron E. Goodstein, the assigned magistrate judge, or another outside third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and their respective clients wish to avail themselves of the services of the assigned magistrate judge, they are reminded that like district judges, magistrate judges have very busy calendars. Therefore, in order to insure timely scheduling of one or more mediation sessions suitably in advance of the scheduled trial date, immediate steps must be taken in the event counsel wish to jointly request that the court make such a referral.

Accordingly, the court finds it prudent to direct that counsel for the parties confer forthwith to explore settlement, and, if appropriate, utilize the services of the assigned magistrate judge or other third party neutral for purposes of conducting one or more settlement conferences. The court will further direct that counsel for plaintiff file under seal with the court interim and final settlement reports generally summarizing any progress made as of the report due date, including the date(s) counsel for the parties actually met and conferred. The interim report must be filed under seal on or before Friday, December 20, 2013, and a final report must be filed under seal on or before Wednesday, March 5, 2014.

Finally, the court readily acknowledges and well appreciates the fact that in this branch preparation of the final pretrial report requires a substantial commitment of time and resources, and the parties ought not treat the court's directives lightly for in the final analysis adequate preparation remains the hallmark of an effective advocate, and while every

litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2013.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge